# City Council of Montgomery v. Capital City Water Company.

*Action against City, on Contract with Water Company.*

1. *Contract of city with water company construed, as to compensation to be paid for water used in sprinkling streets.*—Under the contract between the city of Montgomery and A. H. Howland and his associates, whose rights and duties have now devolved upon the Capital City Water Company, they were required and undertook to furnish the city, free of charge, fifteen millions of gallons of water, for use as the city might direct, in addition to the water used for fire purposes; and by another section of the ordinance creating the contract, they were required, "if the city so direct, to sprinkle such streets of the city as

[City Council of Montgomery v. Capital City Water Co.]

the city may direct, and at such times as the city may direct, in the usual and proper manner of sprinkling streets in a city by means of wagons and teams; and for such service," it was further declared, "shall receive $60 per month for each two-horse sprinkling cart, during the time it is so used, computing a day's work at ten hours for each cart, and the amount due therefor to be paid at the end of each month." *Held*, that the agreed compensation "for such service," though measured by the number of sprinkling carts, included compensation for the water used by them in sprinkling.

APPEAL from Circuit Court of Montgomery.

Tried by the Hon. JOHN P. HUBBARD.

This action was brought by the appellee against the appellant; and sought to recover for water furnished to the city, and to be used in sprinkling the streets. The suit was based on a contract entered into and created by an ordinance passed by the City Council. The contention of the plaintiff and the defense of the defendant are sufficiently shown in the opinion. At the request of the plaintiff, the court gave the general affirmative charge in its behalf, and refused to give the general affirmative charge at the request of the defendant; to which rulings the defendant separately excepted. There was judgment for the plaintiff, and the defendant now appeals, and assigns as error the rulings of the lower court.

W. S. THORINGTON, and TOMPKINS & TROY, for appellant.

JONES & FALKNER, and ROQUEMORE, WHITE & McKENZIE, contra.

CLOPTON, J.—An ordinance adopted by the City Council of Montgomery, October 7, 1885, constitutes the contract between the City Council and Arthur H. Howland and associates, for the construction of a system of water works, and for furnishing water to the city and its inhabitants. Under the requirement of section 25 of the ordinance, the Capital City Water Company, to whom the contract was assigned with the consent of the City Council, sprinkled the streets as directed from Aug. 1, 1886, to August 1, 1887, using for the purpose three two-horse sprinkling carts; and brings this suit to recover for the water furnished. The section reads as follows: "That the said Arthur H. Howland, his associates, successors and assigns are required, if the City Council may so direct, to sprinkle such streets of said city as the City Council may direct, and at such times as the City Council may direct, in the usual and reasonably proper manner of sprinkling streets in a city by means of wagons and teams, and for such service shall receive sixty dollars per month for each two-horse sprink-

ling cart of approved pattern, during the time it is so used, computing a day's work at ten hours for each cart, and the amount due therefor to be paid at the end of each month." The question is, whether the city is liable to pay for the water furnished in addition to the sixty dollars for each cart. The ambiguity arises from the want of precision in expression, and the special mode provided for ascertaining the amount of compensation to be paid.

In interpreting this, as other contracts, we should place ourselves, as nearly as may be, in the situation of the parties at the time the contract was made, and ascertain the intention and meaning from the language employed, and the nature and subject-matter of the contract, the objects to be accomplished, and other attendant circumstances. It manifestly appears that the object of the City Council was to obtain the construction of water works, which would furnish the city and its inhabitants a sufficient quantity of clear, pure and wholesome water for domestic and ordinary manufacturing purposes; and that the object of Howland was to obtain valuable rights and franchises, with an agreement, tantamount to an exclusive right, to furnish water for the public uses of the city, and the consequent assurance of its general use by the inhabitants, thus greatly enhancing the prospective value. More certainly to effectuate these objects; the rights and privileges conferred were made by the terms of the ordinance, the subject of contract. By section one, the city granted Howland and his associates the right to erect and maintain a suitable pumping station in or near the city, to lay down, maintain and use water mains, pipes, acqueducts and other fixtures in and through the streets, alleys and public grounds of the city for the conveyance of water. This grant, upon which rest all the limitations, requirements and conditions of the succeeding sections, should be borne in mind in construing any particular provision, for it forms the moving and material consideration of the contract.

In consideration of the rights and privileges granted, section nine requires Howland and associates to furnish the city, free of charge, fifteen millions of gallons of water *per annum* for its uses as the city may direct, in addition to the water used for fire purposes. Invoking the general rule, that the contract should be regarded an entirety, and all its parts compared and taken into consideration, appellee insists that the parties were careful to designate and provide the quantity of water to be furnished free of charge, and the expression in this section of the specific quantity, in addition to water for fire purposes, excludes the idea that the water used in sprinkling the streets

was also to be furnished free of charge. This assumes that, under the construction for which the city contends, the water to sprinkle the streets is furnished free of any charge. Section nine is a stipulation to furnish water for fire purposes, and a specified quantity for the usual and ordinary uses of the city as it may direct; it has no reference to sprinkling the streets, which is a special subject of contract by another and distinct section.

Analyzing section 25, the manifest obligations of the parties are, on the part of Howland, to sprinkle the streets in the usual and reasonably proper manner of sprinkling streets in a city by means of wagons and teams; and on the part of the city, to pay sixty dollars per month, at the end of each month, for each two-horse sprinkling cart. The company contends that the sum stipulated to be paid is for the service of furnishing carts, teams and driver to carry water, furnished by the city, and wet the streets. This view too narrowly restricts the sense, and perverts the application of the terms, " for such service," as used in the section. They refer to and embrace the service prescribed in the clause immediately preceding—"to sprinkle the streets of said city as the City Council may direct, and at such times as the City Council may direct, in the usual and reasonably proper manner of sprinkling streets in a city by means of wagons and teams." Each two-horse sprinkling cart was adopted as the most certain and satisfactory criterion by which to determine the amount of compensation to be paid for the *entire* service, previously specified; not merely for the use of the carts, teams and drivers. Where it was the intention to pay for the mere use, it was so expressed; as in section 14, by which the city agreed to pay eleven thousand dollars *per annum for the use* of all hydrants for fire purposes located on the original pipe system, provided by the ordinance. But for the provision of section nine, the city would be liable under section 14 for all water used for fire purposes.

If the construction contended for by the company is correct, the city is under no obligation to take from the company water for sprinkling purposes, but could furnish it elsewhere; this evidently was not contemplated by the parties. The case is: The city, granting valuable rights and privileges, also contracts for certain benefits and advantages, among others, sprinkling the streets; Howland contemplated having water, and contracts with the city having no water, to perform a particular service, which, without the use of water, can not be performed, without a stipulation that the city is to pay for the water used by Howland and furnished in the course of his regular business. For these reasons we are forced to the conclusion, that by the

terms of section 25, Howland and associates obligated them-
selves to furnish all the material and appliances, including the
water, essential to sprinkle the streets, and that the monthly
payment was intended as compensation for the entire service.

The court erred in giving the affirmative charge in favor of
plaintiff, and in refusing the charge asked by defendant.

Reversed and remanded.